IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Estate of Q.W. *et al.*,   Case No. 3:22-CV-00671-JGC

    Plaintiffs,

    v.   **ORDER**

Lucas County Children Services *et al.*,

    Defendants.

This is a § 1983 civil rights and wrongful death case. Plaintiffs Jamie Redmond and Quenton Whitsell are the parents of the Decedent, Q.C.W.

On July 17, 2023, I granted two motions for judgment on the pleadings under Fed. R. Civ. P 12(c) and dismissed all claims against Lucas County Children Services, its employees, and Decedent's foster parent Rochelle Nix. (Doc. 29). This left Dana Mikonowicz, a day care operator, as the sole remaining Defendant. The case remains pending against Defendant Mikonowicz.

Because my order granting dismissal of most of the defendants did not dispose of the entire case, it is not a final decision that would trigger appellate jurisdiction under 28 U.S.C. § 1291. Thus, pending now is Plaintiffs' Motion for Leave to Bring Interlocutory Appeal and to Stay the Case, pursuant to 28 U.S.C. § 1292. I deny the Motion.

## Discussion

I may certify an interlocutory appeal under 28 U.S.C. § 1292 sparingly and "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation . . . ." *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966); *see*

*also Ingram v. Wayne Cnty., Mich.*, 81 F.4th 603, 612 (6th Cir. 2023). This is because "piecemeal, prejudgment appeals undermine judicial efficiency and encroach on the work of district judges." *Ingram, supra*, 81 F.4th at 611 (internal quotation marks omitted). It is not the statute's purpose "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus, supra*, 364 F.2d at 922.

Certification of an interlocutory appeal is thus only appropriate if my prior order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.

Plaintiffs rehash their allegations and their arguments in opposition to the prior motions for judgment on the pleadings. I have already considered those arguments, but I concluded that they did not provide a factual and legal basis to make out a plausible claim on which relief could be granted. (Doc. 29).

Even assuming Plaintiffs' Motion raises controlling questions of law, none of those questions present substantial grounds for differences of opinion. A difference of opinion may exist where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

My prior order granting the motions for judgment on the pleadings was based on my application of established legal principles concerning the sufficiency of pleadings under Fed. R. Civ. P. 8(a) and the substantive tort, civil rights, and immunity law. Plaintiffs do not show any

legal proposition on which I relied that is difficult, novel, without precedent, or an issue of first impression. Further, Plaintiffs have not pointed to any split of authority within the Sixth Circuit or among the circuit courts.

Plaintiffs assert in a conclusory manner that "[t]here is a difference of opinion" on several of my conclusions in the order granting judgment on the pleadings. (Doc. 32, pgID 725–27). Naturally, Plaintiffs have a "difference of opinion" with me. But that is not what this requirement means. It requires that I find a novel issue of law where "fair-minded *jurists* might reach contradictory conclusions." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (emphasis added). Plaintiffs do not provide any authority or any reason why a different judge would come to a different conclusion than I have reached.

For example, Plaintiffs argue that "[t]here is a difference of opinion regarding whether Plaintiffs presented sufficient facts to demonstrate that Defendants did violate Plaintiffs' due process rights" when they did not receive notice of the *ex parte* shelter-care hearing for Q.C.W. (Doc. 32, pgID 726). I explained in my prior order that such an *ex parte* hearing without notice is expressly allowed under Ohio law. (Doc. 29, pgID 700 (citing Ohio Rev. Code § 2151.33)). Plaintiffs do not describe how or why this decades-old statute is unconstitutional, either on its face or as applied, and Plaintiffs do not indicate how a reasonable judge could so find.

The remainder of Plaintiffs' Motion fails for the same reason. There is simply no indication of any controlling question of law that is novel, unprecedented, or the source of judicial disagreement.

Finally, allowing an interlocutory appeal here would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. In fact, any reversal or vacatur of my prior order would accomplish the opposite; it would bring multiple parties and disparate claims back into the

litigation, multiplying and prolonging it. There is, of course, nothing wrong with this, if the law so requires. But because litigation of the remaining claims against the remaining Defendant, Dana Mikonowicz, will be "conducted in substantially the same manner regardless of [my] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

## Conclusion

Plaintiffs' Motion takes issue with the overall correctness of my order dismissing most defendants. Were it a final decision, Plaintiffs' right to appeal would have vested, and they would be free to take these issues up with the Circuit Court. But it was not a final decision disposing of the entire case, and there is no current appellate jurisdiction.

Plaintiffs have not demonstrated any compelling or exceptional reason under 28 U.S.C. § 1292, other than their general disagreement with my prior order. "The unanimity of the body of relevant law provides no substantial ground for disagreement. Immediate appeal does not materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 379 (8th Cir. 1994)

It is, therefore, ORDERED THAT Plaintiffs' Motion for Leave to Bring Interlocutory Appeal and to Stay the Case (Doc. 32) be, and the same hereby is, denied.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge

4