IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Estate of Q.W. *et al.*,  Case No. 3:22-CV-00671-JGC

    Plaintiffs,

    v.  **ORDER**

Dana Mikonowicz *et al.*,

    Defendants.

    This is a wrongful death case. Plaintiffs Jamie Redmond and Quenton Whitsell are the parents of the Decedent, Q.C.W.

    On July 17, 2023, I granted two motions for judgment on the pleadings under Fed. R. Civ. P 12(c) and dismissed all claims against Lucas County Children Services, its employees, and Decedent's foster parent Rochelle Nix. (Doc. 29). This left Dana Mikonowicz and the "Dana Mikonowicz Day Care" as the sole remaining Defendants ("Mikonowicz Defendants").[1]

    In my July 17, 2023 dismissal order, I continued to exercise, for the time, 28 U.S.C. § 1367 supplemental jurisdiction over the claims against Mikonowicz. Based on subsequent discussions with counsel, it appears Plaintiffs intend to pursue its claims against the Mikonowicz Defendants.

    No federal claims remain. Plaintiffs raise only Ohio state law claims against the Mikonowicz Defendants. (Doc. 1, Counts V, VI, and IX). These claims should not be tried by a federal tribunal that no longer has original jurisdiction over any of the remaining claims. *See* 28

---

[1] The Complaint also named "John/Jane Does 5 through 10," alleged employees of Mikonowicz and her day care business. (Doc. 1, ¶ 16). Plaintiff has not yet identified or served these Defendants.

U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Castelvetere v. Messer*, 611 F. App'x 250, 256 (6th Cir. 2015) ("[W]hen all federal claims are dismissed . . . the balance of considerations usually will point to dismissing the state law claims . . . ."); *United States v. Zima*, 766 F.2d 1153, 1158 (7th Cir. 1985) ("[Federal appeals courts] have indicated a strong preference for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal claim or claims prior to trial.").

As a matter of federalism and comity, state courts are in the best position to analyze and apply state law. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[A] federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.") (internal citation omitted); *see also Cotton v. Ben Hill Cnty.*, 208 F. Supp. 3d 1353, 1364 (M.D. Ga. 2016).

Further, litigating this case in the Ohio courts would not cause any prejudice or loss of judicial economy. *See Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013). The parties have not conducted any discovery, and I have not made any rulings affecting the merits.

I thus decline to continue to exercise supplemental jurisdiction over the state law claims against the Mikonowicz Defendants. *See Gibbs, supra* , 383 U.S. at 727 ("[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."); *see also In re Latex Glove Prod. Liab. Litig.*, 373 F. Supp. 2d 1205, 1208 (W.D. Wash. 2005) ("A court may decline supplemental jurisdiction at any stage of the litigation and

the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it.").

It is, therefore, ORDERED THAT Plaintiffs' remaining claims against the Mikonowicz Defendants (Doc. 1, Counts V, VI, and IX) be, and the same hereby are, dismissed *sua sponte*. I decline to exercise supplemental jurisdiction over the remaining state-law claims.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge